```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                            )
THOMAS V. FRADY, JR.,       )
                            )
        Petitioner,         )
                            )
     v.                     )       C.A. No. 21-87 WES
                            )
J. PATRICK YOUNGS, III,     )
et al.                      )
                            )
        Respondents.        )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss Thomas V. Frady, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the following reasons, the Motion to Dismiss, ECF No. 12, is GRANTED, and the Petition for Writ of Habeas Corpus, ECF No. 1, is DENIED and DISMISSED without prejudice.

I.  BACKGROUND

On March 28, 2019, Thomas V. Frady, Jr. was charged in Rhode Island Superior Court with one count of obtaining property under false pretenses.  See Mot. to Dismiss Ex. 1, Docket 1, C.A. No. K2-2019-0225A (R.I. Super. Ct.), ECF No. 12-1.  Frady failed to appear for his April 2019 arraignment, and the Superior Court issued a warrant for his arrest.  See id.  In October 2019, the State lodged an interstate detainer with Connecticut prison

officials, where Frady was incarcerated at the time. Id.; Pet. for Writ of Habeas Corpus ("Pet.") 1, ECF No. 1. In March 2020, under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2, Frady requested disposition of the Rhode Island charge. See Pet. 1-2. The State represents that Connecticut officials then offered to transfer Frady to Rhode Island so that he could stand trial. See Mem. in Supp. of State's Mot. to Dismiss ("Mot. to Dismiss") 3-4, ECF No. 12.

According to the State, before it could accept the offer to transfer, Covid-19 prevented the transfer of out-of-state prisoners to Rhode Island. See id. at 4. On June 24, 2020, Frady moved to vacate the detainer in Rhode Island state court; specifically, he asked the court to vacate the detainer, indicate its intent to transport him, and dissolve the detainer. See Mot. to Dismiss Ex. 2, Mot. to Vacate Detainer 3, C.A. No. K2-2019-0225A (R.I. Super. Ct.), ECF No. 12-2.

While that motion was pending, Frady filed a Petition for a Writ of Habeas Corpus in the United States District Court for the District of Connecticut, claiming that the IAD had been violated because the 180-day window to stand trial had passed. See generally Pet. His Petition was subsequently transferred to this Court. See Feb. 22, 2021 Dkt. Entry, ECF No. 10. Through his Petition, Frady asks this Court to dismiss the Rhode Island case; find that the detainer is invalid; allow him to defend his Petition

2

at a hearing; and grant him IFP status. <u>See</u> Pet. 4. The State of Rhode Island moved to dismiss Frady's Petition, arguing principally that he has not exhausted his state court remedies. <u>See</u> Mot. to Dismiss 2-5.

II. DISCUSSION

First, to the extent that Frady asks the Court to vacate the detainer, this request is moot now that Rhode Island has withdrawn the detainer. <u>See</u> Letter from Ana Perry-Pinto, R.I. Attorney General's Office, to Walker Correctional Institute (April 14, 2021), ECF No. 15-1. In any event, Frady's Motion to Vacate is still pending in Rhode Island state court, <u>see</u> Opp'n to Mot. to Dismiss 8, ECF No. 13, so he has not exhausted his state court remedies. <u>See</u> <u>Boettcher v. Doyle</u>, 105 F. App'x 852, 854 (7th Cir. 2004).

Second, regarding his request to dismiss the state court case, Frady has likewise failed to exhaust his state court remedies as to that claim. <u>See</u> <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-91, 494 (1973) (analyzing exhaustion requirement in 28 U.S.C. § 2241 claim). Frady has not moved to dismiss the criminal charge in state court; because he must do so to exhaust his state court remedies, that claim is currently unexhausted.

Third, to the extent that Frady requests IFP status, his request is moot because he has already paid the filing fee. <u>See</u>

Pet. 4.  And last, the Court denies Frady's request for a hearing. See id.

III. CONCLUSION

For the above reasons, the Motion to Dismiss, ECF No. 12, is GRANTED, and the Petition for Writ of Habeas Corpus, ECF No. 1, is DENIED and DISMISSED without prejudice.  Moreover, Frady's Motion to Dismiss, ECF No. 11, is DENIED AS MOOT.

RULING ON CERTIFICATE OF APPEALABILITY

To the extent that a certificate of appealability is required[1], this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Frady has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).  Moreover, the Court finds that jurists of reason would not "find it debatable whether [this Court] was

---

[1] A Certificate of Appealability is ordinarily not required for an appeal of a district court order denying a habeas petition under section 2241.  See 28 U.S.C. § 2253(c)(1); see also Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).  But section 2253 requires a Certificate of Appealability to proceed with an appeal of a § 2241 habeas petition for "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255."  Id. (quoting 28 U.S.C. § 2253(c)(1)).

4

correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
District Judge
Date:  August 17, 2021

5